[No. A066424. First Dist., Div. Three. May 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL RAYMOND ANDERSON, Defendant and Appellant.

**COUNSEL**

Cynthia A. Thomas and Mark Shenfield, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**CORRIGAN, J.**—This case involves the application of Penal Code section 667, subdivisions (b) to (i),[1] popularly known as the "Three Strikes Law," which was enacted as emergency legislation and became effective March 7, 1994.[2] Defendant appeals from the judgment, contending the imposition of the five-year enhancement for a prior serious felony conviction under section

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]The relevant portions of the law (§ 667) read as follows:

"(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

"(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

"(A) The suspension of imposition of judgment or sentence.

"(B) The stay of execution of sentence.

"(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

"(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

"(2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

667, subdivision (a)(1),[3] in addition to the doubling of the base term under subdivision (e)(1), is barred by the terms of the Three Strikes Law and by section 654.[4] Defendant also contends that his prior serious felony conviction does not qualify as a "strike" for purposes of subdivisions (b) to (i) and that the doubling of a subordinate term for a subsequent count is similarly barred. Finally, he claims the court erred in sentencing him consecutively for an enhancement to that subordinate term. We reject all of defendant's claims and affirm the judgment.

## STATEMENT OF THE CASE

Defendant pled no contest to and was found guilty of two counts of robbery (§ 211) and the use of a deadly weapon (§ 12022, subd. (b)) as to each count. He also admitted two prior convictions, one for which he served a prison term under section 667.5, subdivision (b), and the second a serious felony under section 667, subdivisions (a)(1), (d)(1), and (e)(1). Four counts of robbery and one count of false imprisonment (§ 236) were dismissed. By agreement, he was sentenced to the midterm of three years on one count of robbery, doubled to six years pursuant to subdivision (e)(1), and one consecutive year for the use of a weapon. Also by agreement, he was sentenced

---

"(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

"(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

" . . . . . . . . . . . . . . . . . . . . . . . .

"(f)(1) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2).

"(2) The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction. . . ."

[3]Given the renumbering occasioned by the passage of the Three Strikes Law, the five-year enhancement for prior serious felony convictions, formerly contained in section 667, subdivision (a), is now in subdivision (a)(1). Former subdivision (b) is now subdivision (a)(2). Hereafter, we occasionally reference section 667 by subdivision only.

[4]Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

consecutively to two years for the second robbery (one-third the doubled midterm) and four months (one-third the term) for the use of a weapon in that robbery. Finally, he was sentenced consecutively to one year for the prior prison term (§ 667.5, subd. (b)) and five years for the prior serious felony (subd. (a)(1)), for a total of fifteen years and four months in prison. Defendant specifically reserved his right to appeal the use of the prior serious felony conviction to both double the base term and add five years to the sentence. Defendant filed a timely notice of appeal designating only that issue.

ARGUMENT

I.

As we shall discuss below (pt. II), defendant's prior felony conviction for attempted robbery (§§ 211, 664) qualifies as a "strike" under subdivision (d)(1). Hereafter, we shall refer to such "strikes" as qualifying convictions. Defendant argues that, if the court relies on his qualifying conviction to double his base term under subdivision (e)(1), it cannot also rely on that same conviction to add five more years to his sentence under subdivision (a)(1). Defendant's contention runs afoul of both the clear language of subdivision (e) and the legislative intent set out in subdivision (b). In interpreting a statutory scheme, we begin with the intent of the Legislature. Where that intent is clear and unambiguous from the language of the statute itself, we need not resort to secondary evidence. (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].)

The intent of the Legislature must be evaluated in the context of the criminal sentencing law as a whole. For most felony offenses, the Legislature establishes a range of determinate terms from which the trial court is empowered to select in imposing sentence. (See generally, § 1170 et seq. and Cal. Rules of Court, div. III, beginning at rule 401.[5]) The specific manner in which a sentencing hearing is conducted is set out in rule 433. If a prison sentence is to be imposed, the court first selects a base term from the range provided. (Rule 405(b).) That base term may be increased, or enhanced, by factors that the Legislature has determined justify the increase of punishment. (Rule 405(c).) Enhancements are of two kinds: those relating to the offense and those relating to the offender. Offense-related enhancements are based on the circumstances of the crime itself, such as the infliction of great bodily injury (§ 12022.7) or the use of various weapons

---

[5]Hereafter all references to rules are to the California Rules of Court.

(§ 12022).[6] Offender-related enhancements include those imposed for prior convictions (e.g., §§ 667, subd. (a)(1), 667.5) and for the defendant's status on bail at the time the new offense is committed (§ 12022.1). The base term and any offense-related enhancements constitute the principal term. If a defendant is convicted of a number of crimes, the court imposes subordinate terms and directs that they be served concurrently or consecutively to the principal term.[7] (§ 1170.1; rule 425.) The aggregate term, then, is comprised of the principal term, any subordinate terms, and any additional terms added for offender-related enhancements. The analytical basis on which the sentencing law rests is that the Legislature sets the range of punishment. The court is empowered to tailor sentences within this framework. The trial court imposes greater or lesser punishments as a result of a series of sentencing choices that relate to aspects of the crime itself or to characteristics of the defendant who has committed it. (See generally, § 1170.)

The statute at issue here sets out a clear articulation of the Legislature's intent: "[T]o ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) To implement this intent, the Legislature has provided that the range of base terms for a particular crime will be greater than the range to be imposed upon those who have not suffered qualifying convictions. As set forth above, subdivision (e)(1) provides that, for a defendant with one qualifying conviction, the base term for the new felony conviction shall be twice that otherwise provided as punishment. The prefatory language of subdivision (e) directs that this doubling of the term shall be "in addition to any other enhancement or punishment provisions which may apply . . . ." Clearly, the language of the provision contemplates the doubling of the term[8] and the imposition of all applicable enhancements. In addition to the traditional sentencing range, then, the Legislature has created a parallel system of base terms that apply to these repeat offenders.

Defendant's proposed interpretation, that a sentencing court cannot double the base term and add the five-year enhancement, would produce anomalous results. Under this proposal, many designated defendants would receive a lesser sentence under the new law than would previously have been the case. For instance, in this case under the previous law and using the same sentencing choices, the court would have sentenced defendant to three years

---

[6]For an extended list of enhancement provisions, see section 1170.1.

[7]Where imposition of sentence is prohibited by section 654, the court stays execution until completion of the sentence for the same act or omission.

[8]We accept, without deciding, the parties' apparent agreement that "term" refers to the base term.

as the base term plus one year for the weapons-use enhancement, for a total principal term of four years. The court would then have added one year and four months as the subordinate term for the second robbery and enhancement, and the additional terms of five years for the prior serious felony conviction and one year for the prior prison term, for a total aggregate term of eleven years and four months. Defendant's interpretation of the new law, however, results in a total aggregate term of ten years and four months,[9] one year less than under the previous law. In fact, under defendant's analysis, most of those convicted of a new serious felony, who have one qualifying conviction, and whose base term is less than five years would receive a lesser sentence under the new law.[10] Such a result was manifestly not intended by the Legislature.

Defendant puts forward a number of theories in support of his position. We find them unpersuasive for the reasons given below.

### A. *People v. Jones*

Defendant contends the holding of *People* v. *Jones, supra,* 5 Cal.4th 1142 prevents the imposition of the five-year enhancement in addition to the doubling of the base term. In *Jones,* the court determined that the enhancement for a prior prison term under section 667.5 could not be imposed cumulatively with the enhancement under section 667, former subdivision (a) for the same prior conviction. In general, the court held that separate enhancements for the same prior conviction cannot be imposed cumulatively unless the enhancement statutes specifically so permit. (5 Cal.4th at pp. 1152-1153.)

The holding of *Jones* is irrelevant here. This case does not involve the application of two enhancement provisions. Defendant's position rests on the assumption that the doubling of the base term is an enhancement and the imposition of an additional five years for the prior serious felony conviction is a second enhancement. Defendant's threshold assumption is erroneous.

---

[9]This term would be reached by doubling the base term (six years) and the subordinate term (two years) and adding the enhancements for weapons use (one year and four months) and the prior prison term (one year).

[10]Additionally, those whose base term is exactly five years would receive the same sentence under the new law, not the "longer" one contemplated by the statute. Of course, similarly situated defendants would receive longer sentences only if they were convicted of multiple counts and the increased sentence resulting from doubling of the terms alone exceeded five years. Defendant is not one of these individuals because the sentence increase resulting only from the doubling of terms was four years in his case. Defendant objects to the doubling of subordinate terms. (See pt. III, *post.*) Though we reject that position also, we note that it would dictate an increased number of lower sentences if the court was not permitted to add the five-year enhancement for the qualifying conviction.

The legislative determination, that under these circumstances the base term is doubled, does not constitute an enhancement. Instead, it is the articulation of a parallel sentencing scheme for specifically described recidivists. An enhancement is "an additional term of imprisonment added to the base term." (Rule 405(c).) A base term is "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Rule 405(b).) While section 667, subdivision (a)(1) is an enhancement, subdivisions (b) to (e) constitute a separate sentencing formulation. In coming to this conclusion, we rely upon a line of cases interpreting similar habitual offender statutes, including sections 667.7 and 667.51. (*People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 465-468 [280 Cal.Rptr. 175]; *People* v. *Victor* (1991) 227 Cal.App.3d 518, 522 [278 Cal.Rptr. 7]; *People* v. *Decker* (1988) 199 Cal.App.3d 694, 696-699 [245 Cal.Rptr. 40].)

Defendant's qualifying conviction brought him within the purview of subdivision (e)(1) as it defines the triad of potential base terms to be imposed on certain repeat offenders. Thereafter, the same qualifying conviction was used to enhance defendant's sentence by five years. Defendant's sentence was enhanced once, not twice. Thus, the *Jones* proscription does not obtain.

### B. *Subdivision (e)(2)(A)(iii)*

Defendant fell under and was sentenced pursuant to section 667, subdivision (e)(1). Yet, he relies on language from a separate portion of the statute, subdivision (e)(2)(A), to support his conclusion that the five-year enhancement cannot be added to his doubled base term. Subdivision (e)(2)(A), however, addresses the sentencing of an individual with two prior qualifying convictions. Such "three strike" defendants are sentenced to an indeterminate life term with a minimum term calculated as the greatest of the three options set forth in subdivision (e)(2)(A)(i)-(iii). Option (i) is calculated as three times the term otherwise provided by law, i.e., triple the base term; option (ii) is 25 years; and option (iii) is the term calculated under section 1170, including any enhancement.

Defendant fixes on the phrase "including any enhancement" in option (iii) as evidence that the Legislature did not intend the addition of enhancements in the calculation under subdivision (e)(1), which does not contain the phrase "including any enhancement." Defendant argues that the overarching prefatory language of subdivision (e), specifically the phrase "in addition to any other enhancement or punishment provisions which may apply," cannot be read to mandate the inclusion of enhancements in subdivision (e)(1) because

it would then have to be read to mandate the inclusion of enhancements in subdivision (e)(2)(A)(i)-(iii). If that is the case, defendant argues, the phrase "including any enhancement" in option (iii) would be surplusage, and a widely recognized rule of statutory construction directs that any interpretation rendering some portion of a statute surplusage is to be avoided. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

However, it is defendant's construction that violates this rule. In defendant's analysis, the prefatory language of subdivision (e) mandating inclusion of enhancements is rendered surplusage. If that language does not mandate inclusion of enhancements in subdivision (e)(1), we cannot glean its purpose.

The similar phrase appearing in option (iii) has its own independent purpose. Defendant makes the mistake of conflating subdivision (e)(1) and (e)(2), rather than recognizing that each stands on its own as a separate sentencing scheme. Subdivision (e)(2)(A) is designed solely to calculate *the minimum term* of an *indeterminate life sentence.* To that end, the statute sets forth three options, the greatest of which must be chosen as the minimum term, which then acts merely as a gauge of parole eligibility. (*People* v. *Skeirik, supra,* 229 Cal.App.3d at p. 467.)

The Legislature clearly intended options (i) and (iii) to be viable, independent alternatives, one incorporating enhancements and the other not. The specific inclusion of enhancements under option (iii) was necessary to give meaning to the three options as a whole. The only logical reading of the provision that achieves this outcome is one in which enhancements are added to option (iii) but not to option (i). If the enhancements were added to both (iii) and (i) during the initial calculation, (iii) could never exceed (i).

The prefatory language of section 667, subdivision (e) must then be read, vis-à-vis subdivision (e)(2)(A), to mandate the inclusion of enhancements as a separate determinate sentence after the calculation of the minimum term and in addition to the indeterminate sentence. Such a result is not prohibited by *People* v. *Victor, supra,* 227 Cal.App.3d 518, in which the court held that enhancements could not be used to increase the defendant's sentence by a separate determinate term in addition to the defendant's indeterminate term under the habitual offender sentencing scheme of section 667.7. The conclusion was based on the wording of section 667.7 itself: "Nothing in section 667.7 suggests that the Legislature intended that, after invoking its habitual offender's provision, imposing a life term with a lengthy period of parole ineligibility, the court would invoke some *other* statute as authority to

effectively increase the minimum term by engrafting a determinate enhancement onto the indeterminate sentence." (227 Cal.App.3d at p. 524, italics in original; *People* v. *Tuggle* (1991) 232 Cal.App.3d 147, 157-158 [283 Cal.Rptr. 422].) In contradistinction, subdivision (e) demonstrates the Legislature intended just this result by its use of the phrase "in addition to any *other* enhancement or punishment provisions which may apply . . . ." (Italics added.)[11]

## C. *Subdivision (c)(5)*

Defendant argues that section 667, subdivision (c)(5)'s limitation on custody credit for those sentenced under the Three Strikes Law substantially eliminates the number of anomalous results occasioned by his analysis. Subdivision (c)(5) limits the total of custody credits to one-fifth of the defendant's sentence, rather than the ordinary limit of one-half. Consequently, many of those individuals given a lesser sentence under defendant's analysis will actually serve more time than under the previous law because of the credit limitation.[12] Again, defendant misreads the legislative intent of the Three Strikes Law; it is to *ensure longer prison sentences and greater punishment.* Defendant's custody credit argument is wholly speculative. An inmate's accumulation of custody credit is dependent upon his good behavior and participation in work, educational, vocational, or therapeutic activities. (§ 2930 et seq.) An inmate might earn no custody credit or later be deprived of conduct credits as punishment for subsequent behavior. (See, e.g., § 2933.6.) The Legislature's action addresses the sentences selected by the trial court as punishment. The Legislature did not pass this legislation hoping whimsically that some sentences might be extended depending upon the vicissitudes of a defendant's behavior after commitment to prison.

## D. *Subdivision (a)(2)*

Arguing the five-year enhancement should not apply cumulatively with subdivision (e), defendant cites section 667, subdivision (a)(2): "This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . ." Again his argument ignores the touchstone of this enactment. The Legislature intended to increase sentences for those with qualifying convictions. Under defendant's analysis, the imposition of the five-year enhancement and

[11]The practice of "engrafting" a determinate term onto an indeterminate life sentence is contemplated by section 669, which reads in relevant part: ". . . Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment . . . the determinate term of imprisonment shall be served first . . . ."

[12]Only defendants with base terms under three years will serve less under defendant's analysis.

the doubling of the base term are mutually exclusive, with the latter prevailing only when a longer prison term would result. Consequently, only those defendants with base terms of five years or less could receive the five-year enhancement and would do so in lieu of a doubling of the base term. These defendants, again, would be receiving the same sentence as under the former law, rather than a longer one. There is no suggestion in the statute that the Legislature meant to establish such a distinction between two groups of defendants.

To the extent the holding in *People* v. *Skeirik, supra,* 229 Cal.App.3d at page 468 is inconsistent, we note the court there was interpreting a different statutory scheme. In *Skeirik,* the court held that the five-year enhancement could not be engrafted as a determinate term onto the indeterminate sentence resulting from section 667.7, the habitual offender statute. Again, section 667.7, unlike the statute before us, makes no provision for the addition of enhancement terms. This statute's establishment of a sentencing scheme to apply in addition to any applicable enhancements distinguishes it from section 667.7.

It must be remembered that the five-year enhancement for a prior serious felony conviction applies only when the new conviction is a serious felony as defined in section 1192.7, subdivision (c). (§ 667, subd. (a)(1), (a)(4).) The sentencing scheme of section 667, subdivisions (b) to (i), however, applies even when the new conviction is not a serious felony, as long as the qualifying convictions are serious felonies.[13] (Subd. (d)(1).) Thus, the statute applies to two kinds of cases distinguished by whether the new conviction is a serious felony. This distinction is clarified by a hypothetical in which two defendants each have a qualifying conviction for residential burglary (§ 1192.7, subd. (c)(18)) for which neither went to prison. Defendant A is newly convicted of the sale of cocaine, which is not a serious felony, while defendant B is newly convicted of another residential burglary. If defendant A were sentenced to the midterm of four years for his new offense (Health & Saf. Code, § 11352, subd. (a)), that midterm would be doubled for a total of eight years. If defendant B were sentenced to the midterm of four years for his offense (§§ 460, subd. (a), 461, subd. 1), defendant's analysis would permit only the doubling of the base term, for a total sentence of eight years. No account would be taken of the seriousness of defendant B's new felony, because the court would not be permitted to add the five-year enhancement reflecting that seriousness. The fact that defendant B's new conviction, unlike defendant A's, was a serious felony would therefore not be reflected in the ultimate sentences.

---

[13]The qualifying convictions may also be violent felonies as defined in section 667.5, subdivision (c). (§ 667, subd. (d)(1).) The lists of serious and violent felonies are nearly identical and any difference is immaterial to our discussion here.

The fallacy of defendant's argument here is apparent. His scenario creates an artificial and unintended distinction between defendants based upon the difference in base terms for the new offense, i.e., between defendants with base terms of five years or less and those with base terms greater than five years. It also fails to recognize the meaningful distinction between defendants based upon whether they are newly convicted of serious felonies. Subdivision (a)(2)'s limitation was not intended to apply to subdivision (e) as well. To hold otherwise would produce incongruous results. Any ambiguity on this point can be attributed to inartful drafting. We hold the Legislature's failure to be more specific on this point is merely a drafting error that does not undermine the statute's overall purpose to lengthen sentences. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 837-838 [210 Cal.Rptr. 623, 694 P.2d 736], disapproved on other grounds in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 348 [243 Cal.Rptr. 688, 748 P.2d 1150].)

### E.   *Section 654*

Defendant claims that even if his sentence was not "enhanced" twice, the fact of his qualifying conviction was utilized twice by the sentencing court in violation of section 654. However, section 654 does not preclude the dual use of facts. By its terms, the section prohibits multiple punishment for the same act or omission. In *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633], the court held that the same prior conviction and prison term for robbery could be used to elevate a new petty theft to felony status (§§ 484, 666) and to enhance the ultimate sentence by one year (§ 667.5, subd. (b)): "Both sections 666 and 667.5 apply to facts, not acts; they relate to the status of the recidivist offender engaging in criminal conduct, not to the conduct itself. We agree with those courts which hold that section 654 does not apply to such enhancements. [Citations.]" (*Rodriguez* , *supra*, 206 Cal.App.3d at p. 519; *People* v. *Jones* (1993) 12 Cal.App.4th 1106, 1116 [16 Cal.Rptr.2d 60]; *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263].)

We turn again to *People* v. *Decker*, *supra*, 199 Cal.App.3d at page 698, which addressed a section 654 challenge to consecutive life sentences under section 667.51 (a sentencing statute for certain recidivist sexual offenders) based upon the same prior convictions: "Nothing in [section 654] prohibits the use of the same priors to determine the appropriate sentence on more than one present offense. Section 667.51, subdivision (c), like other recidivist punishment statutes which impose increased sentences for repeat offenders, merely specifies the applicable sentence upon the present conviction for one with a certain criminal history. It is the current offense which calls for the penalty, the magnitude of which is attributable to appellant's status as a

repeat offender. [Citation.] That status, which is based on prior convictions, existed at the time he committed each offense. While the status calls for the increased sentence, it is the new criminal conduct rather than the status which is being punished. Therefore, section 654 does not apply." (199 Cal.App.3d at p. 698; accord, *People* v. *Skeirik, supra,* 229 Cal.App.3d at pp. 465-466 [same reasoning applied to consecutive life sentences for different counts based upon the same prior convictions under section 667.7, a sentencing statute for certain recidivist violent felons].)

### F. *Legislative History*

Defendant invites us to consider evidence of legislative history in the form of an analysis prepared for the Senate Judiciary Committee hearing of February 17, 1994, wherein the anomalous result outlined above was contemplated. It is not necessary for us to become embroiled in the legislative history. ■ Where the intent of the Legislature is clear and unambiguous on the face of the statute, we need not consider secondary evidence. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1146.)

### II.

■ Defendant contends that his sentence violated section 667, subdivision (d)(1), which provides in pertinent part: ". . . The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." Defendant claims that his prior conviction was not determined to be a qualifying conviction for the purposes of subdivisions (b) to (i) on the date of that conviction. Indeed, it could not have been, given that the prior conviction occurred five years before the passage of the Three Strikes Law.[14]

Defendant misunderstands the meaning of subdivision (d). Clearly, the Legislature intended that the qualifying status of a conviction would be fixed upon the date of the prior conviction, so that no subsequent actions, including those listed in subdivision (d)(1)(A)-(D), could alter that status. By specifically distinguishing those status reductions that occur upon the initial sentencing, the Legislature was clearly contemplating those status reductions that may occur later (see, e.g., § 17, subd. (b)(3)) and declaring that such

---

[14]This claim of error was waived. (See pt. IV, *post,* particularly fn. 20.) Defendant specifically admitted that his prior conviction qualified under subdivisions (d) and (e): "THE COURT: Do you admit the enhancement set forth in 667.5(b), 667(a) together with 667(d) and (e)? [¶] . . . [¶] MR. ANDERSON: Yeah." We address the claim here as it might be the subject of continuing controversy.

reductions shall have no effect on the crime's status for the purposes of subdivisions (b) to (i). The Legislature did not intend that the qualifying status need be declared on the date of conviction, only that the status would be determined in reference to that date.

Subdivision (d)(2) provides that qualifying convictions shall include those from jurisdictions outside California that otherwise contain all the elements of qualifying California convictions. Defendant's interpretation would render this provision meaningless unless a finding was made in the foreign jurisdiction on the date of conviction that the crime qualified under California Penal Code section 667, subdivision (d). The Legislature could not have intended that the application of subdivision (d)(2) depend upon such an unlikely act. Instead, a foreign conviction comes within the statute if its definition upon the date of conviction matched the elements of a California qualifying conviction.

Finally, although defendant's position is that the words of the statute itself prohibit the use of qualifying convictions that predate the statute, he suggests no reason why the Legislature would so limit the law in light of its overall purpose "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."[15] (§ 667, subd. (b).) Defendant posits a formulation in which no convictions suffered before March 7, 1994, could qualify as "strikes." Thus, a defendant would have to commit a serious or violent felony, be prosecuted, serve any sentence imposed,[16] and then commit a new felony before this law could be applied to him. This was manifestly not the Legislature's intent, and defendant supplies no authority whatsoever supporting this interpretation.

## III.

Defendant also contends the court erred when it doubled his subordinate term for the second robbery from one year to two years.[17] Defendant concedes that "[a]t first blush" the statute appears to permit the doubling of subordinate terms, but he then focuses on the use of the singular "term,"

---

[15]Certainly, there is no constitutional or other infirmity in a statute that increases punishment based upon convictions that predate the passage of the statute. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 833, overruled on other grounds in *People* v. *Guerrero, supra,* 44 Cal.3d at pp. 348, 356.)

[16]Conceptually, a defendant might also fall under the statute if he committed a new felony while in custody for a post-March 7, 1994, qualifying conviction.

[17]This claim of error was waived by defendant at the time of his plea. (See pt. IV, *post,* particularly fn. 20.) We address the claim here as it might be the subject of continuing controversy.

rather than the plural "terms," in section 667, subdivision (e)(1) to argue that only the base term may be doubled. However, defendant's "first blush" interpretation was the correct one; he need have gone no further.

The statute clearly mandates that each count of a multiple count conviction will be sentenced independently under section 667, subdivision (e).[18] Subdivision (c)(6) reads: "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."[19] *Each* count then must be sentenced pursuant to subdivision (e). For defendants with one qualifying conviction, the term otherwise provided for each count shall be doubled. (Subd. (e)(1).) Thus, defendant's subordinate term for the second count of robbery, formerly one year (one-third the midterm), was correctly doubled to two years.

## IV.

Finally, defendant contends that the court erred when it sentenced him consecutively to four months (one-third the term) for the use of a deadly weapon (§ 12022, subd. (b)) as an enhancement to the subordinate term for the second count of robbery. Defendant bases this claim on section 1170.1, subdivision (a), which provides that the aggregate term shall include enhancements for subordinate terms only when the subordinate term represents a violent felony. Second degree robbery is not a violent felony. (§ 667.5, subd. (c).) However, this claim of error was waived.

Defendant entered the plea agreement with the understanding that he would be so sentenced. Specifically, regarding the second count of robbery, defendant's own counsel recited the terms of the agreement for the court: "On Count VI there is a 211 violation, he would be sentenced to two years on this consecutively. For a 12022(b) enhancement allegation, he would be sentenced to four months state prison consecutively. Those are one-third the midterms is what they are." Defense counsel later recited the agreed-upon total sentence of 15 years and 4 months. Thereafter, counsel specifically reserved for appeal only the issue of the use of the qualifying conviction to both double the base term and add five years. (See pt. I, *ante*.)[20]

---

[18]Additionally, defendant ignores section 7, which reads in part: "[T]he singular number includes the plural, and the plural the singular . . . ."

[19]Defendant apparently concedes, and properly so, that the two robberies were committed on different occasions and arose from different sets of operative facts.

[20]The colloquy on this point was somewhat vague, but the intention to reserve only the single issue can be gleaned from defense counsel's statement: "There is a question, at least in my mind, whether or not that is proper, the five years can be properly imposed, and our

Because defendant's sentence was the result of a plea bargain, we will not question his waiver of appellate rights. (*People* v. *Nguyen* (1993) 13 Cal.App.4th 114, 122-123 [16 Cal.Rptr.2d 490].)

## CONCLUSION

The Legislature has spoken in a voice both forceful and direct. Its straightforward intent was to increase sentences for targeted recidivists. All the provisions of section 667 are directed toward that aim. Any interpretation of the enactment that permits reduced sentences for these defendants flies in the face of this stated intent. It is the obligation of the court to interpret statutes in a manner that honestly follows the intent of the elected representatives empowered to enact them. It is our conclusion that in reaching this result we have done so.

## DISPOSITION

The judgment is affirmed.

Chin, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 24, 1995. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

understanding is that the Court would impose it at this time, but that Mr. Anderson is specifically reserving the right to appeal the imposition of that five-year enhancement, that five[-]year state prison sentence on the section 667 . . . prior, serious felony conviction."

Defendant clearly knew his appellate rights would be so limited. He expressed his concern that he would be removed from state prison for resentencing in the event of a successful appeal: "Just knock off five years when we can take care of this all at the same time." The prosecutor commented, without any correction from the defense: "If he doesn't want to appeal it and maybe get five years knocked off, it's his choice."

Following sentencing, the parties continued on this subject: "[PROSECUTOR]: I think he also needs to be advised that he has—if he wants to reserve the right to appeal the imposition of 667(a) he has to be advised he has sixty days in order to do that. [¶] THE COURT: I thought he was waiving his right to appeal for exception of that [sic]—[¶] [PROSECUTOR]: That's right. [¶] [DEFENSE COUNSEL]: That's right. [¶] [PROSECUTOR]: He has sixty days to appeal that. [¶] THE COURT: Mr. Anderson, you also have sixty days to appeal the sentence set forth in 667(a); is that correct? [¶] [PROSECUTOR]: Yes. [¶] [DEFENSE COUNSEL]: Yes. [¶] MR. ANDERSON: Yeah."

Finally, we note that defendant's notice of appeal specified only one issue: the use of the qualifying conviction to both double the term and increase the sentence by five years.