[No. B086632. Second Dist., Div. Five. Sept. 7, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
RONNIE LEE NOBLETON, Defendant and Appellant.

**COUNSEL**

Gil Garcetti, District Attorney, Diana L. Summerhayes, Deputy District Attorney, Daniel E. Lungren, Attorney General, George Williamson, Chief

Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Alec Henderson and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Appellant.

## OPINION

**GODOY PEREZ, J.**—The People and defendant Ronnie Lee Nobleton both appeal from the judgment entered following defendant's plea of guilty to possession of a firearm by a felon and admissions that he suffered a prior felony conviction and served a prior prison term. Their respective contentions are as follows: (1) the People contend the trial court erred in refusing to sentence defendant pursuant to Penal Code section 667, subdivision (e)(1)[1]; (2) defendant contends the trial court erred in using the same prior felony conviction both to deny probation under section 667, subdivision (c)(2) and to establish the elements of the underlying charge of possession of a firearm by a felon; and (3) that the facts were insufficient to support an enhancement pursuant to section 667.5, subdivision (b). After review, we modify the judgment and affirm the judgment as so modified.

### FACTUAL AND PROCEDURAL SUMMARY

This case arises under the "Three Strikes" statute, chapter 12 of the Statutes of 1994, adopted as an urgency measure, effective March 7, 1994. It made significant changes to section 667, adding subdivisions (b) through (i) relating to increased punishment for recidivists who had suffered one or more previous convictions for a serious or violent felony.

The facts are that, on March 15, 1994, defendant and a companion were the subject of a traffic stop by Deputy Sheriffs Dixon and Thurlo. When Dixon approached defendant's car, he saw a baggie containing what appeared to be marijuana on the center console. Defendant and his companion were then ordered out of the car. Defendant advised the officers that he was armed, and a nine-millimeter handgun with one live round in the chambers and fourteen rounds in the magazine was recovered from defendant's waistband.

On April 13, 1994, defendant was charged in a one count information with possession of a firearm by a felon. (§ 12021, subd. (a)(1).) It was further

---

[1]All further statutory references are to the Penal Code, unless otherwise specified.

alleged that defendant had suffered two prior felony convictions within the meaning of section 667, subdivisions (b) through (i), and served two prior prison terms within the meaning of section 667.5, subdivision (b). The same two prior felony convictions underlying the section 667, subdivisions (b) through (i) allegation, also underlay the section 667.5, subdivision (b) allegations, and also served as the factual basis for the felon in possession of a firearm charge.

On June 14, 1994, the prosecutor informed the trial court that he had insufficient evidence to prove one of the two prior convictions alleged. The allegations related to that prior were stricken. (§ 667, subd. (f).)

Defendant thereafter entered a plea of guilty to the felon in possession of a firearm charge, and admitted suffering a prior serious felony conviction and serving a prior prison term.

At the time of the plea, defense counsel informed the trial court: "It is our intent to argue at time of probation and sentencing that this is not legally applicable as a strike prior due to its dual use, both to make this case a felony, in possession of a firearm, and as alleged as a strike prior. [¶] For that reason we are going to admit the actual allegation of the prior, and that it is a serious prior. We will also admit that he spent a period of time in state prison, because we will also be arguing under the [*People* v.] *Ramos*[█ (Cal.App.), ordered not published] and [*People* v.] *Jones* [(1993) 5 Cal.4th 1142 (22 Cal.Rptr.2d 753, 857 P.2d 1163)] doctrines that neither the state prison prior allegation, which would enhance the sentence by one year nor the new strike scenario under 667 [(b)] through (i), could apply in this context. . . ."

Defendant was sentenced to a total of two years and four months in prison comprised of the low term of sixteen months for possession of a firearm by a felon, plus one year pursuant to section 667.5, subdivision (b). At defendant's sentencing hearing, defense counsel conceded that the prior felony conviction could be used both to establish the elements of the charged violation of section 12021 and to impose an enhancement pursuant to section 667.5, subdivision (b). He maintained, however, that the prior could not be used a third time to trigger the Three Strikes law probation bar (§ 667, subd. (c)) or double the base term requirement (§ 667, subd. (e)(1)).

The trial court concluded: "The triple use, if you will, [(1) as an element of the underlying charge; (2) to enhance pursuant to section 667.5, subdivision (b); and (3) to sentence pursuant to section 667, subdivision (e)(1)],

concerns the Court greatly, and I have to find it is impermissible. . . . I am ruling that since the 667.5[, subdivision] (b) usage of that prior conviction is expressly permissible under the [*People* v.] *Vega* [(1990) 224 Cal.App.3d 506, 512 (273 Cal.Rptr. 684)] rule, the People may not, therefore, additionally seek to double the base term imposed in this case." The trial court further found that section 667, subdivision (c)(2), the Three Strikes provision prohibiting probation, was applicable.

DISCUSSION

*Dual use of facts*

■ The People contend the trial court imposed an unlawful sentence based upon its refusal to sentence defendant to double the base term,[2] pursuant to section 667, subdivision (e)(1). Defendant maintains the trial court properly refrained from sentencing him to double the base term pursuant to section 667, subdivision (e)(1), but contends: "[T]he sentence should be reversed because the single prior could not be used [both] to prove the felon with a firearm charge and to bar probation under 'Three-Strikes.' "

In considering these contentions, we begin with the language of the statute. Section 667 provides in pertinent part as follows: "(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses. [¶] (c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d),[3] the court shall adhere to each of the following: . . . [¶] (2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense. . . . [¶] . . . [¶] (e) For purposes of subdivisions (b) to (i), inclusive, and *in addition to any other enhancement or punishment provisions* which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term . . . shall be twice the term otherwise provided as punishment for the current felony conviction. . . . [¶] . . . [¶] (f)(1) *Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction* as defined in subdivision (d). . . ." (Italics added.)

---

[2]Here, the trial court imposed a low base term for violation of section 12021, subdivision (a)(1) of 16 months. (§ 18.)

[3]Subdivision (d)(1) defines violent and serious felonies, in pertinent part, as follows: "Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state."

The language of section 667, subdivisions (c) and (e) is entirely clear and without ambiguity. A defendant who is in the "strike zone" by reason of a prior conviction for a serious or violent felony is not eligible for probation and the term for the current felony conviction must be doubled. Defendant does not dispute that this is the injunction of the statute. He maintains, however, that under *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163], and *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995], as well as section 654, the fact that he suffered a prior conviction cannot be used both to establish an element of the possession of a firearm by a felon charge, and to constitute a "strike" within the meaning of section 667, subdivision (c) or (e).

In *Jones*, the defendant was convicted of three counts of forcible sodomy and one count of sexual penetration with his finger and sentenced to two full consecutive terms pursuant to section 667.6. In addition, the trial court imposed one year enhancements for each of three prior felony convictions pursuant to section 667.5, subdivision (b), and an additional five-year enhancement pursuant to former section 667, subdivision (a) for one of those three prior convictions. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1145.) The California Supreme Court concluded that the voters who enacted section 667 did not intend both a one-year section 667.5, subdivision (b) enhancement and a five-year former section 667, subdivision (a) enhancement to be imposed based on a single prior conviction.

Defendant's reliance on *Jones* is misplaced. Preliminarily, we note that *Jones* was decided prior to the enactment of current section 667, subdivisions (b) through (i). Moreover, subdivisions (b) through (i) are not enhancements, and thus *Jones* is inapplicable. (*People* v. *Anderson* (1995) 35 Cal.App.4th 587, 595 [41 Cal.Rptr.2d 474]; *People* v. *Martin* (1995) 32 Cal.App.4th 656, 667 [38 Cal.Rptr.2d 776].) According to the court in *People* v. *Anderson, supra,* 35 Cal.App.4th 587: "The legislative determination, that under these circumstances the base term is doubled, does not constitute an enhancement. Instead, it is the articulation of a parallel sentencing scheme for specifically described recidivists. An enhancement is 'an additional term of imprisonment added to the base term.' (Rule 405(c).) A base term is '. . . the determinate prison term prescribed by law . . . .' (Rule 405(b).) While subdivision (a)(1) is an enhancement, subdivisions (b) to (e) constitute a separate sentencing formulation." (*People* v. *Anderson, supra,* 35 Cal.App.4th at p. 595; see also *People* v. *Martin, supra,* 32 Cal.App.4th at p. 667.)

In *People* v. *Ramirez* (1995) 33 Cal.App.4th 559 [39 Cal.Rptr.2d 374], we held that neither *Jones* nor section 654 proscribed doubling a defendant's

sentence pursuant to section 667, subdivision (e)(1) and also imposing a five-year enhancement pursuant to section 667, subdivision (a), based on a single prior felony conviction. We reasoned: "*Jones* is a 'lawmaker's intent' decision. *Jones* simply determined the intent of the voters in adopting [former] section 667. Based on the language of the two statutes [sections 667 and 667.5] and certain practical considerations, *Jones* concluded the voters did not intend both statutory enhancements to be imposed for a single prior conviction. Our determination of the legislative intent in this case, based on the statutory language and purpose, is not foreclosed by *Jones*. *Jones* did not attempt to bar multiple adverse consequence of a single prior convictions as a matter of law. [Citation.] In fact, it specifically declined to do so." (*People v. Ramirez, supra,* 33 Cal.App.4th at p. 571.)

Regarding section 654, in *Ramirez,* we found the mandate to apply the provisions of subdivisions (b) through (i) "in addition to any other enhancement or punishment provisions which may apply" (§ 667, subd. (e)), constituted an exception to section 654 and that the latter therefore did not bar imposition of both enhancements based upon a single prior conviction. (*People v. Ramirez, supra,* 33 Cal.App.4th at pp. 572-573; see also *People v. Anderson, supra,* 35 Cal.App.4th at p. 599 ["[S]ection 654 does not preclude the dual use of facts. By its terms, the section prohibits multiple punishment for the same act or omission."].)

The reasoning of the *Ramirez* and *Anderson* courts with respect to using the same prior both to enhance a defendant's sentence pursuant to section 667, subdivision (a) and to trigger application of the Three Strikes law is equally applicable to the circumstances at issue herein: using a single prior felony conviction both to establish the elements of a violation of section 12021 (possession of a firearm by a felon) and to trigger application of section 667, subdivisions (b) through (i). Defendant's reading of the statute runs directly counter to the explicit legislative purpose "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

Defendant's reliance on *People v. Edwards, supra,* 18 Cal.3d 796, for the proposition that "the same prior conviction could not be used to both establish the prior felony conviction in the offense of felon with a firearm, and to enhance the defendant's sentence . . ." is misplaced. As we have already discussed, section 667, subdivisions (b) through (i) are not enhancements, but establish a separate sentencing scheme for recidivists. Moreover, there is no prohibition upon using the same fact both to establish an element of the offense and to deny probation. This was done in *Edwards*. (*People v.*

*Edwards, supra,* 18 Cal.3d at p. 807; see also Advisory Com. comment to Cal. Rules of Court, rule 420 ["[p]resent law prohibits dual punishment for the same act (or fact) but permits the same act or fact to be considered in denying probation and in selecting the upper prison term. *People* v. *Edwards, supra,* 18 Cal.3d 796 (prior felony conviction, an element of the offense, also brought defendant within former section 1203[, subdivision] (d)(2) limitation on probation to person with prior felony convictions) . . ."].)

Additionally, in *People* v. *Bruno* (1987) 191 Cal.App.3d 1102 [237 Cal.Rptr. 31], the court concluded that *Edwards* had been superseded by statute. The *Bruno* court reasoned that the *Edwards* rule was codified by the enactment of section 1170, subdivision (b) ("In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.") as part of the Uniform Determinate Sentencing Act (added by Stats. 1976, ch. 1139, operative July 1, 1977). Prior to its operative date, however, the act was amended and the above quoted sentence was deleted from section 1170, subdivision (b). According to the court in *Bruno*: "[T]he deletion of this prohibition absolutely precludes a construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature. [Citation.] Consequently, neither *Edwards*[,] nor its progeny, . . . is authority for prohibiting an enhancement under section 667.5 based upon the same prior felony conviction as constitutes the underlying conviction . . . ." (*People* v. *Bruno, supra,* 191 Cal.App.3d at p. 1107; see also *People* v. *Gutierrez* (1994) 23 Cal.App.4th 1576, 1586 [28 Cal.Rptr.2d 897] [defendant's prior murder conviction properly used both as an element of the charge of possession of a firearm by a felon (§ 12021) and as an enhancement under section 667.7 ("Any person convicted of a felony in which the person inflicted great bodily injury . . . who has served two or more prior separate prison terms as defined in Section 667.5 for the crime of murder . . . is a habitual offender and shall be punished as follows: . . . .")]; *People* v. *Vega* (1990) 224 Cal.App.3d 506 [273 Cal.Rptr. 684] [prior felony conviction can be used both to escalate petty theft to felony pursuant to Pen. Code, § 666 and to enhance sentence pursuant to Pen. Code, § 667.5, subd. (b)], disapproved on another point in *People* v. *McClanahan* (1992) 3 Cal.4th 860, 869 [12 Cal.Rptr.2d 719, 838 P.2d 241];[4] but see *People* v. *Darwin* (1993) 12 Cal.App.4th 1101, 1103-1104 [15 Cal.Rptr.2d 894] ["The original version of Penal Code section 1170 did *not* codify the *Edwards* rule. The holding in *Edwards* was that if a prior conviction is an

---

[4]Whether prior petty theft may be used to elevate current theft to felony under section 666 and for a section 667.5, subdivision (b) enhancement, is an issue now under review by the Supreme Court in *People* v. *Coronado* (Cal.App.).

'element' of an offense, the prior may not be used for sentence enhancement. [Citation.] The later-deleted sentence in the original version of section 1170 did not address the dual use of a prior as an element of an offense and for sentence enhancement, but merely addressed sentencing, stating that a fact could not be used twice to 'determine, aggravate, or enhance a sentence.' These two points are not the same. [T]he legislative action did not abrogate the *Edwards* rule." (Italics in original.)].)[5]

Thus, we conclude that section 667, subdivision (e)(1) mandated that defendant's term be doubled, and the trial court erred in not doing so. Since defendant's guilty plea was not conditional in any way, it is unnecessary to give defendant the opportunity to withdraw his plea. Moreover, inasmuch as there was only one lawful sentence that the trial court could impose, it is not necessary to remand the matter for resentencing.

*Enhancement pursuant to section 667.5, subdivision (b)*

■ Defendant contends that imposition of a one-year enhancement pursuant to section 667.5, subdivision (b) was improper because he had been free from prison for five years. In support of this contention, defendant argues that the five-year "washout period" of section 667.5 commenced when he was released from prison and placed on parole. The People counter that the five-year period does not commence until defendant was discharged from parole. We agree with defendant.

In pertinent part, section 667.5 provides: "(b) [W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each *prior separate prison term served* for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in felony conviction. . . . [¶] . . . [¶] (d) For the purposes of this section, the defendant shall be deemed *to remain in prison custody for an offense until the official discharge from custody or until release on parole, whichever first occurs,* . . ." (Italics added.)

Here, defendant was convicted of assault with a firearm on February 18, 1986, and served a state prison term upon that conviction. He was paroled

---

[5]*People* v. *Darwin, supra,* 12 Cal.App.4th at page 1101, has itself been criticized for criticizing *Bruno* in two subsequent cases which themselves have been ordered not to be published.

from that prison term on July 10, 1988, discharged from parole on July 11, 1991, and arrested on March 15, 1994, on the charges herein. Thus, defendant remained free of prison custody and the commission of an offense which results in felony conviction from July 10, 1988, until March 15, 1994, a period of more than five years. Accordingly, the facts were insufficient to support the section 667.5, subdivision (b) enhancement.

## DISPOSITION

The judgment is modified to strike the section 667.5, subdivision (b) one-year enhancement and to reflect a sentence of thirty-two months in state prison for violation of section 12021, subdivision (a)(1). The trial court is directed to send to the Department of Corrections a corrected abstract of judgment.

Turner, P. J., and Grignon, J., concurred.

On October 3, 1995, the opinion was modified to read as printed above. The petition of appellant Ronnie Lee Nobleton for review by the Supreme Court was denied November 30, 1995. Mosk, J., and Arabian, J., were of the opinion that the petition should be granted.