Filed 2/18/21  P. v. Cruz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058219 |
| v. | (Super. Ct. No. 07CF2364) |
| SAMUEL ANTHONY CRUZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Samuel Anthony Cruz appeals from the denial of his petition to vacate his manslaughter convictions pursuant to the resentencing provisions of Senate Bill No. 1437 (Sen. Bill 1437). The Legislature enacted Sen. Bill 1437 to change the scope of liability for felony murder and to eliminate liability for murder under the natural and probable consequences doctrine. The Legislature also provided a procedure for eligible defendants to petition for recall and resentencing. The trial court denied Cruz's petition after determining Sen. Bill 1437 does not apply to manslaughter convictions.

Cruz contends Sen. Bill 1437 applies to his convictions because he accepted a plea offer in lieu of a trial at which he could have been convicted of first degree or second degree murder. Along with all appellate courts that have rejected similar contentions, we conclude the resentencing provisions of Sen. Bill 1437 apply only to murder convictions, not manslaughter convictions. (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436 (*Turner*) [Pen. Code, § 1170.95 does not provide relief to persons convicted of manslaughter]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of the statute is explicit; its scope is limited to murder convictions"].) Accordingly, we affirm the court's order.

I

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Cruz pleaded guilty to two counts of voluntary manslaughter (Pen. Code, § 192, subd. (a); all further statutory references are to the Penal Code), and admitted several related charges and allegations based on gang participation and a prior strike offense. Per the plea bargain, the trial court sentenced him to 21 years, 8 months in prison.

In 2018, the Legislature enacted Sen. Bill 1437, which limited liability for murder under the felony murder rule and the natural and probable consequences doctrine by amending sections 188 and 189. (§§ 188, 189.) Sen. Bill 1437 also implemented a

2

procedure allowing persons "convicted of felony murder or murder under the natural and probable consequences theory" to petition the trial court to "have [their] murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

In 2019, Cruz filed a petition for resentencing under section 1170.95, seeking to vacate his manslaughter convictions. The trial court denied the petition on the ground that Cruz had not made a prima facie case for relief under Sen. Bill 1437 because he was not convicted of murder.

II

DISCUSSION

Cruz argues section 1170.95 applies to convictions for manslaughter, construing the section as not applying to his convictions produces an absurd result, and equal protection principles required the trial court to grant his section 1170.95 petition. We are not persuaded.

As Cruz acknowledges, section 1170.95, subdivision (a), refers only to murder convictions. Moreover, none of the other sections affected by Senate Bill No. 1437 make any reference to any other crimes. (§§ 188, 189, 1170.95.) Generally, "[i]f the plain language of the statute is clear and unambiguous, [the courts'] inquiry ends, and [one] need not embark on judicial construction." (*People v. Johnson* (2002) 28 Cal.4th 240, 244.)

Cruz argues section 1170.95 does not clearly preclude his petition because he accepted a plea to manslaughter in lieu of a trial at which he could have been convicted of first degree or second degree murder under the natural and probable consequences doctrine. He argues an ambiguity exists since a petitioner who seeks relief under section 1170.95 must establish, among other things, that he or she "was convicted of first degree or second degree murder following a trial or *accepted a plea offer in lieu*

3

*of a trial at which the petitioner could be convicted for first degree or second degree murder.*" (§ 1170.95, subd. (a)(2), italics added.) Cruz argues this subdivision allows those charged with murder, but who pleaded guilty to "lesser homicide offenses," to petition for relief.

To assert the Legislature intended that Sen. Bill 1437 apply to manslaughter convictions, Cruz quotes its preamble and legislative findings to note the bill was enacted to "'more equitably sentence offenders in accordance with their involvement in homicides,' punish each individual 'according to his or her own level of individual culpability,' and reduce prison overcrowding resulting from 'lengthy sentences that are not commensurate with the culpability of the individual.'" (Citing Stats. 2018, ch. 1015, § 1, subds. (b), (d) & (e).)

None of Cruz's assertions override the plain and unambiguous language of section 1170.95, subdivision (a), that unequivocally conditions relief eligibility on a petitioner to having been "convicted" of either "felony murder or murder under the natural and probable consequences theory." We need not resort to any further legislative materials (see *People v. Anderson* (1995) 35 Cal.App.4th 587, 592 ["Where [legislative] intent is clear and unambiguous from the language of the statute itself, we need not resort to secondary evidence"]), but note that in *Turner*, *supra*, 45 Cal.App.5th 428, the appellate court extensively reviewed the legislative history of Sen. Bill 1437 and concluded its "history confirms that a defendant who faces murder liability under the natural and probable consequences doctrine, but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95." (*Id*. at p. 438.)

Cruz asserts section 1170.95, subdivision (a)(2), creates an internal ambiguity in the statutory scheme because his manslaughter convictions satisfy the subdivision's independent, "broader" ground "for establishing a prima facie case" for resentencing benefits, given he "accepted a plea offer in lieu of a trial at which [he] could [have been] convicted for first degree or second degree murder." (§ 1170.95, subd.

4

(a)(2).) We disagree. We must read subdivision (a)(2) in light of subdivision (a)'s plain language, noted above. Subdivision (a)(2) does not create an independent, broader ground for resentencing benefits, but merely clarifies that an eligible defendant who has been convicted of murder—either after a trial or by way of a negotiated plea—may petition for relief under the statute.

We also reject Cruz's argument that applying section 1170.95 only to murder convictions leads to an absurd result because it lessens sentences for defendants convicted of murder without benefitting defendants like him, who pleaded guilty to the lesser crime of manslaughter.[1] Cruz relies on the California Supreme Court's analysis of a sentencing "anomaly" in *People v. King* (1993) 5 Cal.4th 59 (*King*), where applying a literal interpretation of various statutes would mean juveniles convicted of first degree murder could avoid adult prison but juveniles convicted only of *attempted* premeditated murderer could not. (*Id.* at pp. 65-66, 69-70.)

Although Cruz correctly notes *King* stands for a general proposition that plain statutory language does not necessarily bar construing it to avoid an absurd result (*King*, *supra*, 5 Cal.4th at p. 69), the point does not help his position in this case. That is, given the plain language of section 1170.95, subdivision (a), the *King* court's analysis of a patchwork of "amendment[s] of different statutes in separate codes at different times for unrelated purposes" (*King*, *supra*, 5 Cal.4th at p. 69) is inapposite here. Cruz may not view the Legislature's decision to limit Sen. Bill 1437's resentencing benefits as wise, but that does not render its statutory scheme absurd. (See *California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588 ["[t]rue, in rare cases, statutory ambiguity is not a condition precedent to further interpretation, and the literal meaning of the words may be disregarded to avoid absurd results. But this approach is reserved for 'extreme cases'

---

[1] As noted, Cruz's plea agreement incorporated sentencing enhancements for gang participation and a prior strike conviction.

5

where the absurdity is patent"].)  In sum, we reject Cruz's arguments to look beyond the plain language of section 1170.95, subdivision (a).

Cruz further argues construing Sen. Bill 1437 as not applying to his manslaughter convictions would violate equal protection principles. We disagree.  The United States and California Constitutions guarantee equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).)  As a threshold matter, to establish a constitutional equal protection claim, a defendant must show "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."  (*In re Eric J.* (1979) 25 Cal.3d 522, 530.)  However, criminal defendants "who commit different crimes are not similarly situated" for equal protection purposes.  (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1266.)  Here, the Legislature has provided that persons convicted of murder are to be treated differently than defendants convicted of other crimes, such as manslaughter.  This legislative judgment does not implicate equal protection principles because these classes of convicted persons are not similarly situated.  (See *Cervantes*, *supra*, 44 Cal.App.5th at p. 888 [rejecting contention that the failure to include manslaughter convictions in section 1170.95 violates a petitioner's constitutional rights to equal protection and substantive due process].)

## III

### DISPOSITION

The postjudgment order denying Cruz's section 1170.95 petition is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.