[No. D022022. Fourth Dist., Div. One. Feb. 1, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFREDO PURATA, Defendant and Appellant.

490

**COUNSEL**

Dain & Li, Anthony J. Dain and Gisela Caldwell for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne, Holly D. Wilkens and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—Alfredo Purata was convicted by jury of four counts of forcible rape and several other related sex and false imprisonment offenses, and dissuading a witness. (Pen. Code,[1] §§ 261, subd. (a)(2), 288a, subd. (c), 289, subd. (a), 243.4, subd. (a), 236/237, 136.1, subd. (c)(1).) Thereafter, the court found that a 1982 Texas attempted capital murder conviction qualified both as a serious prior felony and as a strike within the meaning of the three strikes law. (§ 667, subds. (b)-(i).) The trial court also found true the allegations of one prison prior within the meaning of section 667.5, subdivision (b).[2]

Purata was sentenced to 112 years, 4 months in state prison, which included doubling of the base terms on counts 1 through 7, to run consecutively. Additional consecutive sentences were imposed on the remaining counts and on the Vehicle Code section 10851 prison prior. The trial court declined to impose an additional five-year enhancement for the prior serious felony (the 1982 Texas attempted capital murder conviction) because the same conviction was used to qualify as a strike. (§ 667, subd. (a)(1).)

Purata appeals, contending the trial court erroneously found on insufficient evidence that the 1982 Texas conviction constituted a valid qualifying prior for purposes of the three strikes law. The Attorney General has responded, contending the 1982 conviction does represent a valid qualifying prior and, further, that the trial court erroneously failed to impose the mandatory five-year enhancement under section 667, subdivision (a)(1), based on that same prior serious felony.

We conclude the trial court had sufficient evidence to conclude that the 1982 Texas conviction constituted a valid qualifying prior and a strike. We further find the trial court had no discretion to refuse to impose the mandatory five-year term for the section 667, subdivision (a)(1) prior conviction. (*People* v. *Anderson* (1995) 35 Cal.App.4th 587 [41 Cal.Rptr.2d 474].) We will affirm the judgment as modified by imposing the additional term for the serious felony prior. (§ 1260.)

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The conviction found to qualify as a prison prior was a 1991 Vehicle Code section 10851 conviction for vehicle theft. (§ 667.5, subd. (b).) The court further found that a 1977 Texas robbery conviction did not qualify either as a prison prior, a serious prior felony, or a strike. (§ 667, subd. (a)(1), (d) & (e).)

Discussion[3]

I

*Background/Contentions*

■■■ An enhancement allegation for a foreign prior serious felony conviction (§ 667, subd. (a)(1)) must be pled and proven beyond a reasonable doubt before it may be imposed. (§ 1170.1, subd. (f); *People* v. *Tenner* (1993) 6 Cal.4th 559, 566 [24 Cal.Rptr.2d 840, 862 P.2d 840].) The same rule obtains in the three strikes context. (§ 667, subd. (f)(1).)

Under section 667, subdivision (d)(2), dealing with second or third strike sentencing, "[a] prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 667, subd. (d)(2).) Section 667.5, subdivision (c)(12) and section 1192.7, subdivision (c)(9) both include attempted murder in their definitions of the term violent or serious felony, respectively.

The parties agree that the "least adjudicated elements" test is the appropriate one for determining whether the Texas prior qualifies as a serious felony and a strike under California law. (*People* v. *Crowson* (1983) 33 Cal.3d 623, 632-634 [190 Cal.Rptr. 165, 660 P.2d 389]; *People* v. *Guerrero* (1988) 44 Cal.3d 343, 346-348, 354-355 [243 Cal.Rptr. 688, 748 P.2d 1150]; *People* v. *Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301].) The Supreme Court explained: "A defendant whose prior conviction was suffered in another jurisdiction is, therefore, subject to the same punishment as a person previously convicted of an offense involving the same conduct in California." (5 Cal.4th at p. 1201.) Under the current version of the "least adjudicated elements" test, the trier of fact may consider the entire record of the proceedings leading to the prior conviction to determine whether the prior offense "involved conduct which satisfies all of the elements of the comparable California serious felony offense." (*Id.* at p. 1195.) If not precluded by the rules of evidence or other statutory limitations, the trier of fact may go beyond the least adjudicated elements of the offense and consider evidence found within the entire record of the foreign conviction. (*Ibid.*)

---

[3]We omit the traditional statement of facts as this appeal does not raise any issue regarding the facts of the offense. However, it should be noted that the offense was committed May 4, 1994, when the legislative version of the three strikes law was in effect (§ 667, subds. (b)-(i), eff. Mar. 7, 1994), but before the initiative version was enacted on November 8, 1994. (§ 1170.12.)

▮▮ Here, the trial court was presented with Texas district court minutes which included the judgment imposed upon Purata for the offense of attempted capital murder of a peace officer, with a prior felony conviction. The judgment shows that the jury found Purata guilty as charged in the indictment, and a sentence of 15 years 1 day was imposed in 1982. At Purata's jury trial, he did not contest his identity as the person who suffered this prior felony conviction, even though the name on the judgment is one of his aliases, Alberto Morano.

However, at his trial, Purata brought an *in limine* motion to strike this prior attempted murder conviction, along with the 1977 robbery conviction. (See fn. 2, *ante*.) As to the 1982 Texas conviction, Purata argued only that it should be stricken because it occurred prior to the effective date of the three strikes law.[4] Based on the Texas judgment, which was the only evidence presented at trial about the 1982 Texas prior, the trial court found the attempted murder conviction was a valid strike prior, noting that it had occurred after a jury trial on the charge and there was no issue as to Purata's identity on that charge. However, as noted above, the trial court declined to use this prior for a prison prior or a serious felony enhancement (as opposed to a strike allegation), based on the trial court's acceptance of Purata's dual use argument.

Purata now argues this showing by the People was insufficient to support the trial court's ruling, because the judgment does not show the underlying facts of the attempted murder offense. On this record, he contends, only a comparison of the Texas and California statutes may be made, resulting in a presumption that the Texas conviction was for the least offense punishable under foreign law. (*People* v. *Guerrero*, *supra*, 44 Cal.3d at pp. 354-355.) Purata then argues that since the Texas murder statute defines the offense as intentionally or "knowingly" causing the death of an individual, this "knowingly" element may be interpreted as implied malice, which falls short of California requirements.[5]

As stated in *People* v. *Ramos* (1982) 30 Cal.3d 553, 583 [180 Cal.Rptr. 266, 639 P.2d 908] (reversed on other grounds *sub nom. California* v. *Ramos* (1983) 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446]) and in *People* v.

[4]This argument that the date of the prior conviction must be after the effective date of the three strikes law has been rejected in *People* v. *Reed* (1995) 33 Cal.App.4th 1608, 1610-1612 [40 Cal.Rptr.2d 47], and cases following.

[5]Under Texas law, a person commits capital murder "if he commits murder as defined under Section 19.02(b)(1) and . . . murders a peace officer . . . ." (Tex. Pen. Code Ann., § 19.03, subd. (a)(1).) In relevant part, Texas Penal Code section 19.02 in 1982 defined murder as "intentionally or knowingly caus[ing] the death of an individual . . . ." (Tex. Pen. Code Ann., § 19.02, subd. (b)(1).)

*Croy* (1985) 41 Cal.3d 1, 20 [221 Cal.Rptr. 592, 710 P.2d 392], California requires proof of a specific intent to kill in order to satisfy the elements of attempted murder. (See *People* v. *Martinez* (1991) 230 Cal.App.3d 197, 203 [281 Cal.Rptr. 205].) The Texas and California attempt statutes both require specific intent to commit the offense or crime, with acts done toward its commission. (Tex. Pen. Code Ann., § 15.01; § 21a.)[6] Purata, however, concludes that under then-effective Texas case law, the Texas attempted capital murder charge could have been shown by an act that demonstrated either express or implied malice, and should thus be found inadequate to serve as a strike. (See *Baldwin* v. *State* (Tex.Crim.App. 1976) 538 S.W.2d 615, 616.) He adds that no retrial of this prior conviction allegation should be allowed because of double jeopardy prohibitions (citing *People* v. *Jones* (1988) 203 Cal.App.3d 456, 460 [249 Cal.Rptr. 840], disapproved in other part in *People* v. *Tenner, supra*, 6 Cal.4th at p. 566, fn. 2).

The People respond to this argument by offering additional information about the 1982 Texas conviction via judicial notice, i.e., copies of the indictment, verdict, jury instructions, and an appellate opinion affirming Purata's conviction. (*Morano* v. *State* (Tex.Crim.App. 1983) 662 S.W.2d 748); Evid. Code, §§ 452, subd. (d), 459.) Judicial notice was granted by order of November 14, 1995. We also allowed supplemental briefing by the parties to clarify the applicability of certain Texas case law in this area. In their supplemental brief, the People note that case law in effect at the time of Purata's 1982 Texas conviction stated that a specific intent to kill was not required for a conviction of attempted murder and a specific intent to cause serious bodily injury was enough. (*Baldwin* v. *State, supra*, 538 S.W.2d at p. 616.) Other cases followed this reasoning. (*Garcia* v. *State* (Tex.Crim.App. 1976) 541 S.W.2d 428; *Teal* v. *State* (Tex.Crim.App. 1976) 543 S.W.2d 371.) All this authority was overruled in *Flanagan* v. *State* (Tex.Crim.App. 1984) 675 S.W.2d 734, 740, where the court clarified that the attempt statute, Texas Penal Code section 15.01, subdivision (a), makes a specific intent to kill a necessary element of attempted murder. In *Flanagan*, the court noted that the opinions in *Baldwin* and its progeny had applied their rule to facts which would clearly have supported a finding of the specific intent to kill, and thus labeled the *Baldwin* statements as obiter dicta. (*Flanagan* v. *State, supra*, 675 S.W.2d at p. 742, fn. 7.) The People thus argue there is no longer any support for finding the 1982 Texas prior to be inadequate to constitute a strike under California law. They claim retrial

---

[6]Section 21a defines attempt as follows: "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Texas Penal Code section 15.01, subdivision (a), defines attempt as follows: "A person commits an offense if, with the specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

should not be barred regarding this prior either (1) as a strike or (2) as a five-year enhancement under section 667, subdivision (a)(1).

We discuss these two aspects of the 1982 prior separately.

## II

### *Valid Strike?*

We first note that Purata vigorously objects to any use by this court of the judicially noticed material to prove the truth of the matters asserted regarding the nature of the offense leading to the 1982 Texas conviction. We need not respond to that objection, however. ■ Our function as an appellate court is to review the record in the light most favorable to the judgment to determine whether there is substantial evidence to support the fact finder's true finding. (See *People* v. *Tenner, supra,* 6 Cal.4th at p. 567.) ■ Although we have taken notice of the existence of the documents submitted, even without taking the truth of their assertions into account, the Texas judgment provides substantial evidence to support the true finding in this case.

First, we compare the statutory elements of attempted murder in Texas with those in California. The attempt statutes in both states require specific intent to commit the particular offense, along with a preparatory or ineffectual act toward the commission of the offense. (§ 21a; Tex. Pen. Code Ann., § 15.01.) The Texas statute defines murder as "intentionally or knowingly caus[ing] the death of an individual . . . ." (Tex. Pen. Code Ann., § 19.02, subd. (b)(1).) In California, proof of a specific intent to kill is required to show the elements of attempted murder. (*People* v. *Ramos, supra,* 30 Cal.3d at p. 583.) Both the Texas and California statutory schemes thus require proof of a specific intent to kill in order to satisfy the elements of attempted murder.

We disagree with Purata's theory that since the Texas murder statute includes a "knowingly" element, and since that element has been equated with implied malice in California case law (see *People* v. *Martinez, supra,* 230 Cal.App.3d at p. 203), his Texas conviction could have been reached on a theory of implied malice so that the essential elements of that offense do not comport with the same California elements. Rather, the focus should be on the specific intent required in the attempt statutes. Their intent requirements control over any possible generalities in the two murder statutes. Moreover, it makes no sense to state that there was a specific intent to act

with implied malice.[7] (See *People* v. *Saille* (1991) 54 Cal.3d 1103, 1113 [2 Cal.Rptr.2d 364, 820 P.2d 588], discussing § 188 ["[O]nce the trier of fact finds a deliberate intention unlawfully to kill, no other mental state need be shown to establish malice aforethought"]; see *People* v. *Stress* (1988) 205 Cal.App.3d 1259, 1267-1268 [252 Cal.Rptr. 913].)

Further, we are not persuaded by Purata's argument that the confusion in the Texas case law at the time his prior conviction was sustained somehow undermines the statutory correspondence between the elements of the offense in Texas and in California. The court which overruled *Baldwin* v. *State*, *supra*, 538 S.W.2d 615 (i.e., *Flanagan* v. *State*, *supra*, 675 S.W.2d 734) commented that the statements in *Baldwin* that a lesser showing could be made to support an attempted murder conviction were dicta, not necessary to that decision, because the facts in *Baldwin* would have supported a specific intent to kill finding. (*Flanagan* v. *State*, *supra*, 675 S.W.2d at p. 742.) The statutory language controls, not interpretive case law.

Finally, we find it of great significance that Purata is raising this claim for the first time on appeal. Although he filed opposition in the trial court to any finding that the 1982 Texas prior was true, his opposition was based only on the "date of the prior conviction" argument (i.e., that it should be before the three strikes law went into effect). (See *People* v. *Reed*, *supra*, 33 Cal.App.4th 1608, 1611.) Purata agreed that his identity was not an issue regarding this prior. Therefore, the trial court had no evidence of any challenge to any element of the Texas prior conviction. Although we do not deem this situation to be a waiver of the issue on appeal (see *People* v. *Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040]), here the record is simply void of evidence to controvert that a sufficient showing was made to impose the prior as a strike. The trial court properly found the 1982 Texas conviction constituted a strike.

### III

*Section 667, Subdivision (a)(1) Five-year Enhancement*

As pointed out in the People's respondent's brief, the trial court declined to impose the mandatory five-year term for the serious felony prior

---

[7]The record does not reveal that the trial court in Purata's case was presented with the text of the Texas statutes supporting the 1982 prior conviction. Such material would have been subject to judicial notice. (Evid. Code, § 452, subd. (c).) Even if it was not supplied, we may presume that the trial court performed its duty properly. (Evid. Code, § 664.) Thus, it is not dispositive that the trial court did not have before it the text of the Texas statute, since there was nothing in the record to indicate that the conviction was for other than attempted capital murder of a peace officer.

conviction under section 667, subdivision (a)(1). It made a determination that since the prior had been used to qualify Purata for treatment under the three strikes law, imposition of the additional term would constitute a "dual use" of that prior. This was an error by the trial court that was beyond its jurisdiction to make. The court imposed an unauthorized sentence.

Where a person has been convicted of a serious felony in the current case, and it has been alleged and proved the person suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), the trial court must impose a consecutive five-year term for each such prior conviction. The trial court has no discretion and the sentence is mandatory. (*People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045 [255 Cal.Rptr. 180].) Thus, absent some other provision of law, the trial court lacked the authority to decline to impose the required punishment.

Here, the trial court's determination that imposing the serious felony enhancement in this case would be an impermissible dual use of the same conviction was incorrect. The court in *People v. Anderson, supra,* 35 Cal.App.4th 587 addressed the relationship of the three strikes law to the enhancement provision of section 667, subdivision (a)(1). The court in *Anderson* concluded there was no dual use under section 654, and the trial court was obliged to impose the higher sentence of the three strikes law in addition to any enhancement. The courts in *People v. Ramirez* (1995) 33 Cal.App.4th 559 [39 Cal.Rptr.2d 374] and *People v. Dominguez* (1995) 38 Cal.App.4th 410 [45 Cal.Rptr.2d 153] reached the same conclusion as did the court in *Anderson.* We concur with all of the courts that have addressed this issue before us. Accordingly, the trial court was required to impose the enhancement under section 667, subdivision (a)(1) in addition to the punishment imposed under section 667, subdivision (e) of the three strikes law.

Further, sentences beyond the jurisdiction of the trial court, like that imposed here, can be corrected any time when brought to the court's attention either by the People's appeal, by the Attorney General in response to the defendant's appeal, or by the Department of Corrections. (See *People v. Chagolla* (1983) 144 Cal.App.3d 422, 434 [193 Cal.Rptr. 711].)

Moreover, for the reasons explained in part II, *ante,* we reject Purata's argument that insufficient evidence supports the imposition of this five-year enhancement. Section 1192.7, subdivision (c)(9), as incorporated into section 667, subdivision (a)(1) and (a)(4), includes attempted murder in the definition of the term serious felony. The Texas judgment provides a sufficient basis to impose this five-year enhancement.

## DISPOSITION

The judgment is modified to impose a five-year consecutive term for the serious felony prior conviction under section 667, subdivision (a)(1). In all other respects, the judgment is affirmed. The superior court is directed to prepare a modified abstract of judgment reflecting such change in the sentence and forward it to the Department of Corrections.

Kremer, P. J., and Haller, J., concurred.

A petition for a rehearing was denied February 23, 1996, and appellant's petition for review by the Supreme Court was denied April 25, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.