100 Cal.Rptr.2d 165 (2000)
83 Cal.App.4th 997
The PEOPLE, Plaintiff and Respondent,
v.
Robert Derwin AVERY, Defendant and Appellant.
No. A085733.
Court of Appeal, First District, Division Four.
September 22, 2000.
Review Granted January 10, 2001.
*166 Randy Baker, First District Appellate Project's Independent Case System, Berkeley, for Appellant.
Bill Lockyer, Attorney General, David P. Druline, Chief Assistant Attorney General, Ronald A. Bass, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, Nanette Winaker, Deputy Attorney General, for Respondent.
HANLON, P.J.
Robert Derwin Avery (appellant) appeals from a judgment upon a court verdict finding him guilty of arson (Pen-Code,[1] *167 § 451, subd. (b)). The trial court also found true the allegation that appellant was convicted of a serious felony in Texas within the meaning of the prior serious felony conviction enhancement provision (§ 667, subd. (a)(1)) and of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court granted appellant's subsequent motion to strike the Texas prior conviction and prior serious felony allegation and sentenced appellant to a prison term of eight years.[2] Appellant contends that he was denied the effective assistance of counsel because his trial counsel failed to show that his Texas prior conviction did not qualify as a strike or a prior serious felony. He also argues that the evidence is insufficient to prove that the Texas prior conviction constituted a strike. We conclude that appellant's contentions have merit and therefore set aside the court's finding of true on the Texas prior conviction and remand the cause to the trial court for resentencing.

DISCUSSION
In order to prove a claim of inadequate representation, a defendant must show that "trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." (People v. Pope (1979) 23 Cal.3d 412, 425, 152 Cal.Rptr. 732, 590 P.2d 859.) Effective and competent representation requires "counsel's `diligence and active participation in the full and effective preparation of his client's case.' [Citation.] Criminal defense attorneys have a `"duty to investigate carefully all defenses of fact and of law that may be available to the defendant...."' [Citation.]" (Id. at pp. 424-425, 152 Cal.Rptr. 732, 590 P.2d 859.) The defendant must also establish prejudice from counsel's acts or omissions. Ordinarily prejudice must be affirmatively proved; the defendant must establish the reasonable probability that had counsel not been incompetent, the proceeding would have had a different result. (People v. Ledesma (1987) 43 Cal.3d 171, 217-218, 233 Cal.Rptr. 404, 729 P.2d 839.) "A `reasonable probability' is not a showing that 'counsel's [ ] conduct more likely than not altered the outcome in the case,' but simply 'a probability sufficient to undermine confidence in the outcome.'" (In re Cordero (1988) 46 Cal.3d 161, 180, 249 Cal.Rptr. 342, 756 P.2d 1370, quoting Strickland v. Washington (1984) 466 U.S. 668, 693-694, 104 S.Ct. 2052, 80 L.Ed.2d 674.)
Appellant argues that his trial counsel was ineffective because he failed to challenge the sufficiency of the evidence to support the finding that his prior Texas burglary conviction was a strike within the meaning of section 667, subdivision (d). This argument has merit.[3]
To qualify as a strike, a conviction in another jurisdiction must include all of the elements of the specified California felony. (See § 667, subd. (d)(2).) In determining whether the foreign prior contains all of the elements of the California felony, the "entire record of conviction" may be considered. (People v. Myers *168 (1993) 5 Cal.4th 1193, 1200, 22 Cal.Rptr.2d 911, 858 P.2d 301; People v. Guerrero (1988) 44 Cal.3d 343, 355, 243 Cal.Rptr. 688, 748 P.2d 1150.)
Here, the record of conviction consisted only of the Texas indictment and judgment. The indictment charged that appellant with "intent to commit theft, entered] a habitation owned by MARY FRANCIS GOLDEN, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind." The judgment stated that appellant pled no contest to "burglary of a habitation with intent to commit theft and that he heretofore had been convicted of a felony offense." As appellant contends, this record was insufficient to prove that the Texas prior contained all of the elements of a California burglary.
Although entry of an inhabited dwelling with intent to commit theft constitutes a burglary in California (§ 459), the record of appellant's prior did not prove that the requisite "theft" and "inhabited dwelling" requirements of a California burglary were met. In Texas, a theft may be committed without an intent to permanently deprive the owner of his or her property, a requirement under California law. (See § 484; People v. Jaso (1970) 4 Cal.App.3d 767, 84 Cal.Rptr. 567.) The Texas statute defines a theft as a taking of property from the owner "permanently" or a temporary taking of property "for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner...." (Tex.Pen.Code, § 31.01, subd. (2)(A).) In People v. Marquez, supra, 16 Cal.App.4th 115, 20 Cal. Rptr.2d 365, the court concluded that similar language in an Oregon statute did not meet California's statutory definition of theft. As in Texas, the Oregon statute defines the intent element of theft alternatively as "either the intent to permanently deprive another of property or the intent to acquire the property, or deprive the owner of the property, 'for so extended a period or under such circumstances' that the owner loses or the perpetrator acquires the major portion of the economic value or benefit of the property. (Ore.Rev.Stat. § 164.005, subds.(l), (2) (1991), italics added.)" (Id. at p. 123, 20 Cal.Rptr.2d 365.) Given the definition of theft in the Oregon statute, the court held that the evidence of the Oregon prior was insufficient to prove that the defendant had the specific intent to commit theft under California law. "The intent to acquire, or deprive an owner of, `the major portion of the economic value or benefit' of his or her property is not equivalent to the intent to permanently deprive an owner of his or her property. A person who intends only to temporarily deprive an owner of property, albeit while acquiring or depriving the owner of the main value of the property, does not intend to permanently deprive the owner of the property and therefore does not have the intent to commit theft, as that crime is defined under California law. Since such an intent would constitute `the intent to commit the crime of theft' under Oregon law but not under California law, the records of defendant's Oregon convictions do not establish that those convictions were serious felonies within the meaning of Penal Code section 1192.7, subdivision (c)(18)." (Ibid.)
The Attorney General argues that the Marquez court erred in concluding that the intent element of the Oregon statute is not equivalent to California's requirement that the defendant intend to permanently deprive the owner of possession of the property. He relies on dicta in People v. Davis (1998) 19 Cal.4th 301, 305, 307, 79 Cal.Rptr.2d 295, 965 P.2d 1165. In Davis, the court held that a defendant who entered a store, took a shirt and then presented it to the store clerk for a refund was guilty of theft by larceny. (Id. at p. 317, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) The court held that the defendant's intent to claim ownership of the shirt and to *169 return it to the store only on the condition that he receive a refund constituted an intent to permanently deprive the store of the shirt. (Ibid.) The court declined to determine whether the Marquez court was correct in holding that a person who intends to temporarily deprive an owner of property but deprives the owner of the main value of the property, does not have the requisite intent to commit theft under California law. (Davis, at p. 318, 79 Cal. Rptr.2d 295, 965 P.2d 1165.) The Davis court, however, noted that such an intent would appear to constitute an intent to steal at common law. (Id. at p. 318, fn. 15, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) While acknowledging that there are no California cases on point, the court noted that several commentators opine that an intent to steal is established at common law "when the nature of the property is such that even a temporary taking will deprive the owner of its primary economic value, e.g., when the property is dated material or perishable in nature or good for only seasonal use." (Id., at p. 307, fn. 4, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) The court, however, did not decide whether that intent would satisfy the intent element of section 484. (Davis, at p. 318, fn. 15, 79 Cal.Rptr.2d 295, 965 P.2d 1165.)
As in Marquez, the issue is posed here. The record of appellant's Texas conviction, however, is insufficient for this court to determine whether appellant's intent was to permanently take the property, or whether his intent was consistent with those cases where in effect a temporary taking deprived the owner of the property's "primary" economic value. (See cases cited in People v. Davis, supra, 19 Cal.4th at p. 307, fn. 4, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) Thus, we conclude that the evidence fails to support a finding that appellant had the intent to commit theft as defined under California law. The court's finding on the prior must therefore be set aside. In light of our conclusion, we need not address appellant's other contentions challenging the finding.
The Attorney General argues that even if the trial court erred in finding that appellant's Texas prior constituted a strike, any error was harmless because the court ultimately struck the prior. This argument is not supported by the record. As appellant points out, in striking the prior, the court found that appellant's present offense was an "emotional thing having to do with separation with his girlfriend who apparently has emotional and psychiatric problems. The defendant in this case has emotional and psychiatric problems. The Court questions whether even state prison is an appropriate facility for this gentleman...." Hence, while the court in sentencing appellant ultimately imposed the aggravated term, it is conceivable that had it not already exercised its discretion to strike the prior Texas conviction, it may have been more lenient in imposing sentence. We therefore conclude that appellant was prejudiced by his trial counsel's failure to challenge the sufficiency of the evidence to support the Texas prior.

DISPOSITION
The trial court's finding that appellant suffered a Texas prior strike conviction and a prior serious felony is vacated. The cause is remanded to the trial court for resentencing. If the district attorney's office elects to retry the strike allegations (Monge v. California (1998) 524 U.S. 721, 734, 118 S.Ct. 2246, 141 L.Ed.2d 615; People v. Monge (1997) 16 Cal.4th 826, 845, 66 Cal.Rptr.2d 853, 941 P.2d 1121; People v. Cortez (1999) 73 Cal.App.4th 276, 284 & fn. 7, 86 Cal.Rptr.2d 234), it must do so within 60 days of the filing of our remittitur.
POCHÉ, J., and SEPULVEDA, J concur.
NOTES
[1] Unless otherwise indicated, all further statutory references are to the California Penal Code.
[2] The sentence included a concurrent six-month term for the offense of defrauding an innkeeper (§ 537), a misdemeanor offense to which appellant pled guilty prior to the court trial.
[3] The challenge to the trial court's finding on the Texas prior conviction is properly before us. The second amended information charged appellant with a prior serious felony enhancement pursuant to section 667, subdivision (a)(1) alleging appellant's prior Texas burglary conviction and his present serious felony offense of arson. (See § 1192.7, subd. (c).) While the court "struck" the Texas prior, it was without authority to do so. When a defendant is convicted of a serious felony in the current case, and it is alleged and proved that he suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), the trial court must impose a consecutive five-year enhancement for the prior conviction. (People v. Purata (1996) 42 Cal.App.4th 489, 498, 49 Cal.Rptr.2d 664.) The trial court is without power to strike or stay section 667, subdivision (a) enhancements. (§ 1385; People v. Marquez (1993) 16 Cal.App.4th 115, 120, fn. 2 & 122, fn. 11, 20 Cal.Rptr.2d 365, disapproved on other grounds in People v. Cuevas (1995) 12 Cal.4th 252, 275, fn. 5. 48 Cal.Rptr.2d 135, 906 P.2d 1290.)