Filed 5/19/15  P. v. Gordon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E061582 |
| v. | (Super.Ct.No. RIF1307688) |
| JAMES BUCHANANN GORDON, | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** |
| Defendant and Respondent. | |
| | [NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter April 21, 2015, is modified as follows:

1.  Section B, under Discussion, on pages five through eight, is modified as follows:

B.    THE CASE IS REMANDED FOR RESENTENCING

Next, the People contend that we must order the trial court to impose the five-year sentence enhancement under section 667, subdivision (a)(1).  Defendant, however, contends "that the entire sentence must be vacated and the matter be remanded to the trial

1

court for a new sentencing hearing" because the trial court is now authorized to grant defendant's previously denied motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and impose the low term in order to avoid or mitigate the consequences of the statutorily mandated sentence enhancement. We agree with defendant.

An aggregate sentence is not a series of "'discrete and severable components capable of being separated out and corrected. "To the contrary, the components of an [aggregate sentence] are properly viewed as interdependent when calculating and imposing sentence . . . ."'" (*People v. Castaneda* (1999) 75 Cal.App.4th 611, 613.)

Indeed, "[a] judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria." (*People v. Casteneda*, *supra*, 75 Cal.App.4th at p. 614.)

Here, the trial court's error of law in sentencing defendant, as discussed above, may have affected its discretionary sentencing choices. For example, the trial court may have determined to impose the low term rather than the middle term on defendant's robbery conviction, had it realized the full impact of its sentencing error.

Therefore, remand is necessary because the trial court's error of law in sentencing may have affected the trial court's discretionary sentencing choices. Errors of law are correctable on appeal without remand, only if the errors are correctable "'independent of

2

any factual issues presented by the record at sentencing.'" (*People v. Smith* (2001) 24 Cal.4th 849, 852.)

Accordingly, we remand the case to the trial court for resentencing.  On remand, the trial court *must* correct the error of law in sentencing that we have identified in this opinion, and *may* revise its discretionary sentencing choices.  We express no opinion on whether or how the trial court is to revise its discretionary sentencing choices."

**2.  The disposition on page 8 is modified as follows:**

The trial court's order striking defendant's prior serious felony conviction is reversed.  The case is remanded to the trial court for resentencing in a manner consistent with the views expressed in this opinion.  In all other respects, the judgment is affirmed.

**Except for these modifications, the opinion remains unchanged.  The modifications do not affect a change in the judgment.**

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                                                    J.

We concur:

KING
                        Acting P.J.

CODRINGTON
                        J.

Filed 4/21/15  P. v. Gordon CA4/2 (unmodified version)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JAMES BUCHANANN GORDON,<br><br>    Defendant and Respondent. | E061582<br><br>(Super.Ct.No. RIF1307688)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Rafael A. Arreola, Judge. (Retired judge of the San Diego Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.)  Affirmed in part, reversed in part with directions.

Paul E. Zellerbach, District Attorney, Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

On August 29, 2013, an amended felony complaint charged defendant and appellant James Buchanann Gordon with one count of second degree robbery, alleged to have occurred on July 27, 2013, under Penal Code section 211.[1]  The information also alleged a serious prior felony conviction for a bank robbery that was alleged to have occurred on October 7, 2002, under section 667, subdivision (a).  Furthermore, the information alleged a prior strike conviction arising from the same 2002 bank robbery conviction under sections 667, subdivisions (c), and (e)(1), and 1170.12, subdivision (c)(1).

On April 17, 2014, a jury found defendant guilty of the second degree robbery. Defendant then admitted the alleged serious prior felony conviction and the alleged prior strike conviction.

On May 21, 2014, the court imposed the midterm of three years for the robbery conviction, doubled due to the prior strike conviction, for a total prison term of six years. The court ordered the prior serious felony conviction stricken.

On May 28, 2014, the People filed a memorandum asking the trial court to impose the five-year additional term for the prior serious felony conviction.  The court denied the motion.

On appeal, the People contend, and defendant concedes, that the trial court erred in striking the prior serious felony conviction.  We agree with the parties.  The parties,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

however, disagree as to the remedy. The People contend we should order the trial court to impose the statutorily mandated five-year sentence enhancement for the prior serious felony conviction. Defendant contends the case should be remanded for the trial court to reconsider its sentencing choices prior to imposing the mandated five-year sentence. For the reasons set forth below, we agree with the People and order the trial court to impose the five-year enhancement.

## DISCUSSION

A.    <u>THE TRIAL COURT IMPROPERLY STRUCK DEFENDANT'S PRIOR SERIOUS FELONY CONVICTION</u>

The People contend that the trial court improperly struck defendant's prior serious felony conviction. Defendant concedes.

A judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) This section, however, "does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (§ 1385, subd. (b).)

A robbery constitutes a serious felony under section 1192.7, subdivision (c)(19). "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The

3

terms of the present offense and each enhancement shall run consecutively." (§ 667, subd. (a)(1).)

Although section 667, subdivision (a)(2), provides that this "subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment," the serious felony enhancement applies in a "Three Strikes" sentence. (See *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1138-1139 ["We conclude the Legislature intended a defendant's sentence under the three strikes law should include a doubled term or life term, as appropriate under section 667, subdivision (e), plus an enhancement under section 667, subdivision (a) for each prior serious felony conviction"].)

Based on the above, it is clear that a trial court must impose the five-year enhancement under section 667, subdivision (a)(1), and must run it consecutively, even if the same prior conviction is being used as a prior strike conviction. (*People v. Purata* (1996) 42 Cal.App.4th 489, 497-498.)

In this case, the jury convicted defendant of second degree burglary, a serious felony. The People alleged and defendant admitted that he had suffered a prior serious felony conviction for bank robbery. Therefore, we agree with the People and defendant that the trial court had no statutory discretion to strike defendant's serious prior felony conviction.

B.    THE TRIAL COURT MUST IMPOSE THE MANDATORY SENTENCE ENHANCEMENT FOR THE SERIOUS PRIOR FELONY

Next, the People contend that we must order the trial court to impose the five-year sentence enhancement under section 667, subdivision (a)(1).  Defendant, however, contends "that the entire sentence must be vacated and the matter be remanded to the trial court for a new sentencing hearing" because the trial court is now authorized to grant defendant's previously denied *Romero*[2] motion and impose the low term in order to avoid or mitigate the consequences of the statutorily mandated sentence enhancement.  We disagree with defendant's argument.

Ordinarily, a trial court reviews a defendant's entire sentence on remand if part of the sentence is declared unlawful.  (*People v. Kelly* (1999) 72 Cal.App.4th 842, 844-847.)  In this case, however, none of the court's reasons for denying defendant's *Romero* motion and selecting the middle term have changed since the sentencing hearing.  The only thing that has changed is that, since the court erroneously dismissed the section 667, subdivision (a)(1) prior, it must impose the mandatory sentence on the prior accordingly.

When ruling on a defendant's *Romero* motion, the "court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

5

convicted of one or more serious and/or violent felonies." (*People v. Williams* (1988) 17 Cal.4th 148, 161.) "[I]n that balance, no weight whatsoever may be given to factors extrinsic to the scheme, such as the mere desire to ease court congestion or, a fortiori, bare antipathy to the consequences for any given defendant." (*Ibid.*)

The "'Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception should be made . . . ."'" (*People v. Carmony* (2004) 33 Cal.4th 367, 376, citing *People v. Strong* (2001) 87 Cal.App.4th 328, 337-338.) "Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony*, at p. 378.)

When prison is imposed under the determinate sentencing law, the trial court must select one of three statutorily authorized terms for each count. Selection of the lower term is justified if the sentencing judge deems it appropriate in his or her discretion after considering circumstances in aggravation and mitigation. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420.)

In this case, a jury convicted defendant of second degree burglary, a serious felony. The People alleged and defendant admitted that he had suffered a prior serious felony conviction for bank robbery. Hence, the trial court had no statutory discretion to

6

strike defendant's serious prior felony conviction. The court, therefore, must impose the mandatory five-year sentence enhancement on remand, and impose the enhancement consecutively.

Furthermore, at the initial sentencing hearing, the trial court determined that defendant fell within the spirit of the Three Strikes law and denied his *Romero* motion. The court weighed appropriate sentencing factors and determined that "neither the mitigating factors nor the aggravating factors outweigh each other. So the term will be set at the midterm." None of the trial court's reasons for denying defendant's *Romero* motion or imposing the middle term have changed since the sentencing hearing. Therefore, although the trial court retains its sentencing discretion, the court cannot now change its previous rulings by granting defendant's *Romero* motion or imposing the low term simply to allow defendant to avoid the consequences of the statutorily mandated five-year enhancement. Changing its previous rulings simply to reduce defendant's sentence in light of the mandatory enhancement – when none of the circumstances that led to the previous sentencing has changed – would certainly be an abuse of discretion.

"Where a person has been convicted of a serious felony in the current case, and it has been alleged and proved the person suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), the trial court ***must*** impose a consecutive five-year term for each such prior conviction. The trial court has no discretion and the sentence is mandatory. [Citation.]" (*People v. Purata*, *supra*, 42 Cal.App.4th at p. 498, emphasis added.) Moreover, "sentences beyond the jurisdiction of the trial court, like that imposed here, can be corrected any time when brought to the court's attention either

7

by the People's appeal . . . (See *People v. Chagolla* (1983) 144 Cal.App.3d 422, 434.)"

(*Ibid.*)

**DISPOSITION**

The trial court's order striking defendant's prior serious felony conviction is reversed.  On remand, the trial court is directed to impose the mandatory five-year sentence enhancement under section 667, subdivision (a)(1).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                    J.

We concur:

KING _____
              Acting P. J.

CODRINGTON _____
                          J.