Filed 5/15/23  P. v. Ledon CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080234 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS313460) |
| CHRISTIAN LEDON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Christian Ledon escaped from a state prison fire camp and committed two armed robberies, ultimately pleading guilty to six counts and related enhancements.  After agreeing to strike one of Ledon's two strike priors, the trial court sentenced him to a total of 18 years and eight months in state prison, within the range indicated before he entered the plea.  Relying on recent legislative changes to Penal Code sections 1170 and 1385,[1] which were in effect at the time of the sentencing, Ledon contends the court abused its discretion in arriving at the sentence.  In particular, he maintains that the court relied on several mitigating factors in deciding to strike the strike prior, yet ignored or minimized those same factors when making its other sentencing determinations.

The sifting, weighing, and balancing of complex sentencing factors pertaining to the offense and the offender is not a precise mathematical exercise.  And that is why reviewing courts substantially defer to the perspective of the sentencing judge in crafting the appropriate sentence.  While we understand that different judges could have reached different conclusions on the same facts, Ledon's complaints do not establish an abuse of discretion.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Following a two-day series of events that began with his escape from a prison fire camp, Ledon was charged with three substantive crimes—escape from custody (§ 4530, subd. (b)) and two counts of robbery (§ 211)—and three corresponding counts of conspiracy (§ 182, subd. (a)(1)).  Based on a written statement of factual basis, he pled guilty to all six counts pursuant to a plea bargain.  He also admitted personally using a dangerous weapon in the

---

[1]     All statutory references are to the Penal Code.

commission of the two robberies (§ 12022, subd. (b)(1)), as well as having been previously convicted of two serious felonies (§ 667, subd. (a)(1)) that also constituted strike priors (§§ 667, subds. (b)−(i), 1170.12, subds. (b)−(c)).[2] The court gave an indicated sentence in a range between 15 years, 8 months and 19 years, 8 months.

At a hearing several months later, the court granted Ledon's *Romero* motion[3] and struck one of the two strike priors. It then imposed an aggregate sentence of 18 years, 8 months, calculated as follows: (1) on count four (robbery), the 5-year upper term doubled for the remaining strike, for a total of 10 years; (2) on count 6 (robbery), 2 years consecutive (1/3 the 3-year midterm doubled) plus 4 months (1/3 of 1 year) for the dangerous weapon enhancement (§ 12022, subd. (b)(1)); (3) on count 2 (escape), 16 months consecutive (1/3 the 2-year midterm doubled); and (4) 5 years consecutive for the serious felony prior enhancement pursuant to section 667, subdivision (a)(1). Pursuant to section 654, the court imposed but stayed sentences on the three remaining conspiracy counts.

## DISCUSSION

Before sentencing in this case, the Legislature made several changes to the relevant sentencing statutes. The parties agree the trial court was aware of these changes and sought to apply them. But Ledon contends that in various ways the trial court misapplied the statutory revisions in arriving at its sentencing choices. Accordingly, we begin by summarizing the changes.

---

[2] The prior serious felony allegation was based on Ledon's 2019 conviction on two counts of robbery in San Diego Superior Court case No. SCD279099.

[3] See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Prior to 2022, the Determinate Sentencing Law (DSL) gave trial courts broad discretion to select a lower, middle, or upper term of imprisonment from a specified triad for the particular crime. Effective January 1, 2022, Senate Bill No. 567 (Stats. 2021, ch. 731, § 1) and Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5) made changes to section 1170 that affected this discretion. Senate Bill No. 567 made the middle term the presumptively appropriate choice in most cases unless there are aggravating factors found by the jury or admitted by the defendant. (§ 1170, subds. (b)(1) and (2).) An exception allowed the court to consider a defendant's prior conviction as an aggravating factor if it was established by a certified court record. (*Id.*, subd. (b)(3).) Assembly Bill No. 124 made the lower term presumptively appropriate in certain specified circumstances, including when the defendant was under the age of 26 at the time of the crime. (§ 1170, subd. (b)(6)(B); § 1016.7, subd. (b).) In both instances, the statute gives the court discretion to consider aggravating factors that justify imposition of something other than the presumptive term. (§ 1170, subd. (b)(2) and (6).)

Senate Bill No. 81 amended section 1385 to guide the exercise of the court's discretion in deciding whether to dismiss enhancements. Subdivision (c)(2) lists a series of circumstances for the court to consider, including whether: (1) multiple enhancements were alleged in a single case; (2) the case is connected to the defendant's mental illness; and (3) a firearm, although used to commit the crime, was unloaded or inoperable. (§ 1385, subd. (c)(2)(B), (D) and (I); Stats. 2021, ch. 721, § 1.) The statute further provides that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

4

A.   *Asserted inconsistencies in evaluating various sentencing factors do not establish that the trial court abused its discretion in selecting the upper term on the principal count.*

As previously noted, prior to sentencing the trial court granted Ledon's *Romero* motion and struck one of his two prior strikes. In support of this ruling, the court noted: (1) Ledon's young age, both at the time of the current offense and when the strike offense was committed; (2) Ledon suffered from ADHD, which contributed to the current crimes; (3) both strikes were from the same case, in which Ledon was not the main participant; (4) the victims were not hurt; and (5) striking the strike would allow the court to impose a sentence that was proportional to the sentences received by the other defendants in the case. Summarizing his conclusions, the judge found "that the defendant is partly outside the scheme of the three strikes law. Not completely, but partly. And as a result of that, I feel that it's in the interest of justice to strike the one strike . . . ."

When it moved on to sentencing, the court again acknowledged Ledon's youth, but nonetheless chose to impose the upper term on the principal robbery count by finding that "despite the defendant's age, . . . it would be contrary to the interests of justice to impose the low term." The judge also determined that Ledon "does pose a danger to public safety, which is clear from his criminal history and his behavior in this case, and therefore I don't think the low term is presumed under those circumstances." As additional aggravating factors, the court thought it appropriate to consider the stricken strike and the fact that Ledon was armed when he committed the robbery.[4]

---

[4]   The court chose to strike rather than impose a section 12022 enhancement on the principal count, justifying use of the underlying fact as an aggravating factor in selecting the upper term. (See § 1170, subd. (b)(5).)

And by choosing to impose the upper term, the court implicitly rejected the middle term as well.

Ledon does not dispute that under amended section 1170, and despite the presumptive appropriateness of the lower term based on his youth, the trial court retains discretion to find that applicable aggravating factors make a middle or upper term proper. Instead, he argues "the incongruity of the court's sentencing choices" in striking a prior strike based on his age, yet concluding that his age and mental health issues were insufficient to warrant the presumptive lower or even middle term. But the implicit premise for his argument is a level of mathematical precision that is not possible or appropriate when evaluating the variegated landscape of human behavior. It is fair to infer that the trial judge viewed Ledon's age as a mitigating factor—to a point. And it mitigated his punishment to the extent of striking a strike so that Ledon was spared the extreme options otherwise visited upon third strikers. That the court found other aggravating factors overcame any additional mitigating effect of Ledon's age and mental health issues is not so unreasonable a conclusion that it amounts to an abuse of discretion.

B. *The court properly imposed both a prior serious felony enhancement and a dangerous weapon enhancement.*

Relying on the Senate Bill No. 81 amendments to section 1385, Ledon contends the trial court abused its discretion when it imposed punishment for both a prior serious felony enhancement (§ 667, subd. (a)(1)) and a dangerous weapon enhancement (§ 12022, subd. (b)(1)).[5] As with his argument with

---

[5] In his opening brief, Ledon seems to complain that the trial court used the same fact to impose the upper term on count four, the principal count, and the prior serious felony enhancement. As the Attorney General points out, Ledon appears to be misconstrue the record. There were two prior strike offenses admitted by Ledon as part of his plea. The court struck one of those

6

respect to imposition of the upper term, he acknowledges that section 1385 does not *prohibit* the court from imposing more than one enhancement in all circumstances. Although proof of one or more "mitigating circumstances" "weighs greatly in favor of dismissing" an enhancement,[6] especially if punishment is already being imposed based on another enhancement (§ 1385, subd. (c)(2)(B)), Ledon agrees that the court retains discretion to find an enhancement should *not* be dismissed if dismissal "would endanger public

---

strikes, but still relied on the underlying offense as one basis for imposing the upper term on count four. It used the *other* unstricken strike for its doubling effect on the prison terms for the substantive offenses *and* as the basis to impose the "nickel prior" five-year enhancement pursuant to section 667, subdivision (a)(1). This type of dual use of facts is perfectly proper. (See, e.g., *People v. Anderson* (1995) 35 Cal.App.4th 587, 592.)

[6]     Section 1385, subdivision (c)(2) lists nine potential mitigating factors:
  "(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.
  "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.
  "(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.
  "(D) The current offense is connected to mental illness.
  "(E) The current offense is connected to prior victimization or childhood trauma.
  "(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.
  "(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.
  "(H) The enhancement is based on a prior conviction that is over five years old.
  "(I) Though a firearm was used in the current offense, it was inoperable or unloaded."

7

safety."[7] (§ 1385, subd. (c)(2).) And he expressly concedes the court here found that he "posed a danger to society," and that imposing the dangerous weapon enhancement would not be "inconsistent with having the 5-year prior."

In effect, Ledon contends the trial court should have evaluated the statutory factors differently, giving greater weight to the mitigating circumstances and less to the public safety risk he represents. But as an appellate court, that it not our role. We can reverse for an abuse of discretion only if the decision is "irrational and arbitrary" such that no reasonable judge could have reached a similar conclusion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 377.) The court's ruling in this case, adding an additional four months to Ledon's sentence for the dangerous weapon enhancement, does not meet this standard.

C.     *The parties agree the abstract of judgment should be corrected.*

When imposing sentence on the dangerous weapon enhancement, the trial court misspoke when it said "one-third of the middle base term." This error was repeated in the abstract of judgment. The parties agree that the term of imprisonment for the enhancement is simply one year; there is no lower/middle/upper term option. (§ 12022, subd. (b)(1).) They also agree that this is the type of inadvertent clerical error we can rectify by simply directing that the abstract of judgment be corrected.

---

[7]     " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

## DISPOSITION

The judgment is affirmed. The superior court shall modify the abstract of judgment with respect to count 6 by deleting reference to "1/3 Mid term" as applied to the enhancement imposed pursuant to Penal Code section 12022, subdivision (b)(1). It shall then forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

DATO, Acting P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.

9